IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORI ANN WOODS, | No. Civ. S-03-2418 RRB GGH |
| Petitioner, | **Memorandum of Opinion and Order** |
| v. | |
| GLORIA HENRY, Warden, | |
| Respondent. | |

Petitioner Lori Ann Woods ("Petitioner") filed a request for a certificate of appealability ("COA") following the denial of her petition for writ of habeas corpus challenging her 1999 conviction for second degree murder with a firearm enhancement. For the reasons stated below, Petitioner's request for a COA is DENIED.

**I. BACKGROUND**

Petitioner shot and killed her husband, Randy Smith. She was convicted by a jury of second degree murder with use of a firearm and sentenced to state prison. On appeal, Petitioner

asserted Wheeler,[1] evidentiary, and instructional error. Petitioner's conviction was affirmed.

On November 20, 2003, Petitioner, proceeding through counsel, filed a petition for writ of habeas corpus challenging her 1999 conviction for second degree murder with a firearm enhancement. Petitioner challenged her conviction on the following grounds: (1) violation of double jeopardy; (2) jury instruction error; (3) improper exclusion of evidence; and (4) cumulative error. On July 9, 2007, this court denied the petition. On July 11, 2007, Petitioner filed a notice of appeal and request for a COA. On November 5, 2007, the Ninth Circuit issued an order remanding the case for the limited purpose of granting or denying Petitioner's request for a COA.

## II. DISCUSSION

A petitioner may not appeal a final order in a federal habeas corpus proceeding without first obtaining a COA. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 327, 335-36 (2003) (a prisoner denied habeas relief by a district court may not appeal their habeas corpus petition without first seeking and obtaining a COA from a circuit justice or judge). "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals . . . .'" Miller-El, 537 U.S. at 336 (quoting 28 U.S.C. § 2253(c)(1)). Thus, until a COA is issued, a circuit court lacks jurisdiction to rule on the merits of a habeas

---

[1] People v. Wheeler, 22 Cal.3d 258 (1978).

corpus petition denied or dismissed by a district court. Miller-El, 537 U.S. at 336.

A judge shall grant a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Miller-El, 537 U.S. at 336; Slack v. McDaniel, 529 U.S. 473, 483 (2000). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327; see Slack, 529 U.S. at 484 ("Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.").

"The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El, 537 U.S. at 336. While the Petitioner is not required to prove that some jurists would grant the petition for habeas corpus, he or she must demonstrate "something more than the absence of frivolity" or the existence of mere "good faith" on his or her part. Id. at 337-38. At the COA stage, the inquiry is whether a "substantial showing of the denial of a constitutional right" has been proved. Id. at 342. The question is the debatability of the underlying constitutional claim, not the resolution of that debate. Id.

3

Based on the foregoing principles, and after careful consideration of the record in this matter, the court concludes that Petitioner has not demonstrated that reasonable jurists would find the district court's assessment of the constitutional claims debatable, wrong, or deserving of encouragement to proceed further. Petitioner has not made the required "substantial showing of the denial of a constitutional right" to warrant the issuance of a COA. Accordingly, the court hereby declines to issue a COA.

### III. CONCLUSION

For the reasons stated above, Petitioner's request for a COA is DENIED.

IT IS SO ORDERED.

ENTERED this 13th day of November, 2007.

                                s/RALPH R. BEISTLINE
                                UNITED STATES DISTRICT JUDGE